UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL S. GORBEY,

   Plaintiff,

v.            Civil Action No. 08-0650

UNITED STATES OF AMERICA, *et al.*,

   Defendants.

FILED

MAY 2 2 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The application will be granted and the complaint will be dismissed.

Plaintiff alleges that defendants have conspired against him by refusing to consider his emergency petition to the United States Supreme Court, by returning papers submitted to the United States Court of Appeals for the District of Columbia Circuit and to this district court without action, by arresting him and seizing his personal privacy, and by detaining him on unjust charges. He demands monetary damages totalling $250,000.

The elements of civil conspiracy are "(1) an agreement between two or more persons; (2) to participate in an unlawful act, or a lawful act in an unlawful manner; (3) an injury caused by an unlawful overt act performed by one of the parties to the agreement; (4) which overt act was done pursuant to and in furtherance of the common scheme." *Halberstam v. Welch*, 705 F.2d 472, 477 (D.C. Cir. 1983). Conclusory allegations of an agreement will not suffice. *Brady v. Livingood*, 360 F. Supp. 2d 94, 104 (D.D.C. 2004). Plaintiff's conspiracy claim must be dismissed for his failure to specify in detail the factual basis necessary to enable defendants to intelligently prepare a proper defense to these claims. *See Martin v. Malhoyt*, 830 F.2d 237, 258 (D.C. Cir. 1987); *Meyer v. Reno*, 911 F. Supp. 11, 15 (D.D.C. 1996).

5

Insofar as plaintiff demands monetary damages because of his alleged unlawful confinement, the claim must fail. Absent a showing that his confinement has been invalidated by "revers[al] on direct appeal, expunge[ment] by executive order, declar[ation of invalidity] by a state tribunal authorized to make such determination, or . . . a federal court's issuance of a writ of habeas corpus," *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), he is not entitled to an award for damages in this civil rights action under 42 U.S.C. § 1983.

For these reasons, the Court will dismiss the complaint without prejudice. An Order consistent with this Memorandum Opinion will be issued separately on this date.

/s/ Paul L. Friedman
United States District Judge

DATE: 5/15/08